FILED

**NOT FOR PUBLICATION**

NOV 02 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL ANTONIO SIGUENZA-AREVALO, a.k.a. Rafael Siguenza, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74559 <br><br> Agency No. A078-465-815 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Rafael Antonio Siguenza-Arevalo, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we deny the petition for review.

Even if Siguenza-Arevalo established he suffered persecution on account of a protected ground, substantial evidence supports the agency's determination that the government successfully rebutted his well-founded fear of future persecution with evidence of changed country conditions. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008). Accordingly, his asylum claim fails.

Because Siguenza-Arevalo failed to establish eligibility for asylum, he necessarily failed to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Siguenza-Arevalo failed to demonstrate that it is more likely than not that he will be tortured if removed to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, Siguenza-Arevalo's claim that the BIA erred because its decision was cursory fails because the BIA cited to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopting the IJ's decision as its own. *See Abebe v. Gonzales*, 432

F.3d 1037, 1040 (9th Cir. 2005) (en banc) (stating that a *Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

**PETITION FOR REVIEW DENIED.**

07-74559